IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELIN MANIGAULT,

    Petitioner,                    No. 2:11-cv-0410 WBS EFB P

    vs.

MICHAEL BABCOCK,[1]

    Respondent.               FINDINGS AND RECOMMENDATIONS

                           /

      Petitioner is a federal prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss this action on the grounds that it is not properly brought under 28 U.S.C. § 2241, and that this court lacks jurisdiction to consider the petition. For the reasons explained below, the undersigned recommends that petitioner's application for a writ of habeas corpus be dismissed.

////

////

---

[1] Richard B. Ives was previously named as the respondent. Michael Babcock is the current warden at the Federal Correctional Institution at Herlong, California, where petitioner is confined. "Where a prisoner files an action under section 2241, the prisoner must name the warden of the penitentiary where he is confined as a respondent." *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). Accordingly, the court now substitutes in Michael Babcock as the respondent.

1

I.     **Background**

Petitioner was charged with a five-count indictment in the District Court for the Eastern District of Pennsylvania. *United States v. Manigault*, 228 Fed. Appx. 183, 184 (3d Cir. 2007). He pled guilty to two counts of violating 21 U.S.C. § 841(a)(1) for distribution and possession with intent to distribute crack cocaine. *Id*. The trial court determined that petitioner was a career offender under the United States Sentencing Guidelines ("Sentencing Guidelines") and sentenced him to 235 months of imprisonment. *Id*. Petitioner appealed the judgment to the United States Court of Appeals for the Third Circuit, arguing, *inter alia*, that the trial court erred in designating him as a career offender because he did not have two prior felony conviction of either a crime of violence or a controlled substance offense as required by the Sentencing Guidelines.[2] *Id*. at 185-186. Specifically, petitioner argued that his prior conviction for Recklessly Endangering Another Person was not a "crime of violence" as defined by the Sentencing Guidelines, and therefore he could not be categorized as a career offender. *Id*. at 186. The Court of Appeals for the Third Circuit rejected the argument and affirmed petitioner's conviction and sentence. *Id*.

On July 10, 2008, petitioner filed in the United States District Court for the Middle District of Pennsylvania a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, he asserted three claim of ineffective assistance of counsel relating to his classification as a career offender. *United States v. Manigault*, 1:CR-05-187, 2008 WL 4279527, * 1 (M.D. Pa. Sept. 11, 2008). That petition was denied on September 11, 2008. *Id*. at *5.

////

---

[2] The Sentencing Guidelines provide that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Petitioner now proceeds on his March 22, 2012 petition filed pursuant to 28 U.S.C. § 2241. Dckt. No. 1. Petitioner claims that this court has jurisdiction over the matter because he is actually innocent of being a career offender and has not had an unobstructed procedural shot at pursuing his claim. Pet'r's Opp'n to Resp.'s Mot. to Dism., Dckt. No. 26 at 2.

**II.    Analysis**

Respondents argue that because petitioner is challenging the legality of his sentence, he must bring a petition under § 2255 in the sentencing court, and this court therefore lacks jurisdiction over his petition. Resp.'s Mot. to Dism., Dckt. No. 21 at 6-9.

Generally, a challenge to the legality of a sentence should be brought under § 2255 in the court in which the petitioner was sentenced rather than under 28 U.S.C. § 2241 in the court for the geographic territory encompassing the prison in which the petitioner is confined. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). This general rule has one exception–under the savings clause of § 2255 (also known as the "escape hatch"), a federal prisoner may challenge the legality of his sentence under § 2241 in the custodial court where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; 28 U.S.C. § 2255(e).

"[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks omitted). Petitioner essentially argues that because he is actually innocent of being a career offender under the Sentencing Guidelines and has not had an unobstructed procedural shot at presenting his claim, he may seek habeas relief in this court pursuant to 28 U.S.C. § 2241. The court need not determine whether petitioner meets the unobstructed procedural shot requirement because, assuming that he does, he has not satisfied the actual innocence requirement.

"In this Circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S.

3

614." *Marrero* v. *Ives*, No. 09-16053, 2012 WL 2306496, *2 (9th Cir. June 19, 2012). Under *Bousley*, "actual innocence means factual innocence, not mere legal insufficiency." 523 U.S. at 623. To establish factual innocence, a petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner has not alleged that he is factually innocent of distribution and possession with intent to distribute crack cocaine, nor has he demonstrated that no reasonable juror would have convicted him of those crimes. He also does not contend that he is factually innocent of the underlying offenses that were used in determining his status as a career offender. Rather, petitioner claims that under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265 (2010), his prior conviction for Recklessly Endangering Another Person does not constitute a crime of violence and therefore it could not be used to establish his career offender status.[3] This argument fails, however, because it is a purely legal argument unrelated to whether petitioner is factually innocent. *See Marrero*, 2012 WL 2306496 at *4 ("We simply hold that the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch."). Thus, petitioner has failed to establish actual innocence.

**III.   Conclusion**

Petitioner has not satisfied the actual innocence requirement of § 2255's savings clause. Therefore, his claims must be brought in a § 2255 petition in the sentencing court, and this court lacks jurisdiction over his § 2241 petition.

////

////

---

[3] In *Johnson*, the Supreme Court addressed whether under Florida law simple battery constitutes a violent felony for purposes of determining a defendant's career offender status under the Armed Career Criminal Act. 130 S.Ct. at 1270-74.

4

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5